RYAN R. WATERMAN (CA Bar No. 229485)
rwaterman@bhfs.com
JONATHAN D. MARVISI (CA Bar No. 319170)
jmarvisi@bhfs.com
KATHRYN A. TIPPLE (CA Bar No. 327929)
ktipple@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
225 Broadway, Suite 1670
San Diego, California  92101-5000
Telephone:  619.702.6100
Facsimile:   619.239.4333

Attorneys for Plaintiff
M & E BROTHERS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M & E BROTHERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE ESTATE OF BARBARA HORTMAN; KIM HORTMAN BUHLER, as the court appointed administrator and executor of the B. Hortman Estate and beneficiary of the B. Hortman Estate; NORMAN ALTON HORTMAN, III, as beneficiary of the B. Hortman Estate, THE NORMAN ALTON HORTMAN AND BARBARA HORTMAN REVOCABLE TRUST NO. 1. DATED JULY 2, 1985, as beneficiary of the B. Hortman Estate; and DOES 1-10,<br><br>Defendants. | Case No. **'22CV1892 JAH BLM**<br><br>**COMPLAINT FOR:**<br><br>1.  **Cost Recovery under CERCLA**<br><br>2.  **Contribution under CERCLA**<br><br>3.  **Equitable Indemnity**<br><br>4.  **Declaratory Relief under CERCLA**<br><br>5.  **Negligence**<br><br>6.  **Contribution/Indemnity under HSAA**<br><br>7.  **Declaratory Relief under HSAA**<br><br>8.  **Continuing Public Nuisance**<br><br>9.  **Continuing Private Nuisance**<br><br>10. **Continuing Trespass**<br><br>11. **Contribution under Cal. Civil Code Sect. 1432**<br><br>12. **Waste**<br><br>**DEMAND FOR JURY** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

COMPLAINT

Pursuant to Federal Rule of Civil Procedure 14, Plaintiff M & E Brothers, LLC ("Plaintiff"), a California limited liability company, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the claims asserted in this civil action pursuant to 28 U.S.C. § 1331; Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613 (b) and (f); and supplemental jurisdiction over the state law causes of action that arise out of the same nucleus of operative facts as the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, Federal Rule of Civil Procedure 14.

2.     Venue is proper in this Court pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b). The property at issue in this Complaint is located within this judicial district and the alleged releases causing soil, soil vapor and groundwater contamination that give rise to the underlying action purportedly took place in this judicial district.

## PARTIES

3.     Plaintiff is a California limited liability company and current owner of the real property located at 1718 East Valley Parkway, Escondido, California (the "Property") within the Valley Plaza shopping center.

4.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman, as an individual residing in San Diego County, California, during all times relevant to this litigation, owned and operated the Property.

5.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman leased the Property to dry cleaning operations on or around September 1987 to August 1999.

6.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman died on or around April 20, 2021, in San Diego County, California.  Plaintiff filed a timely creditor claim against the Estate of Barbara

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

Hortman ("Hortman Estate") on April 14, 2022, in the San Diego County Superior Court, case number 31-2022-00013028-PR-LS-CTL, which was denied on August 31, 2022.

7. Plaintiff is informed and believes and, on that basis, alleges that Kim Hortman Buhler, an individual residing in San Diego County, California, during all times relevant to this litigation, and Barbara Hortman's daughter, is the court-appointed administrator and executor of the Hortman Estate, personal representative and court-appointed special administrator of the Hortman Estate, and beneficiary of the Hortman Estate.

8. Plaintiff is informed and believes and, on that basis, alleges that Norman Alton Hortman, III, an individual residing in Riverside County, California, at all times relevant to this litigation, and Barbara Hortman's son, is a beneficiary of the Hortman Estate.

9. Plaintiff is informed and believes and, on that basis, alleges The Norman Alton Hortman and Barbara Hortman Revocable Trust No. 1, dated July 2, 1985, also held title to the Property during Barbara Hortman's ownership and is a beneficiary of the Hortman Estate.

10. DOES 1-10 are fictitious names of defendants whose true names and capacities are unknown to Plaintiff. Plaintiff alleges that Does 1-10 are the alter egos of, or in some other way liable and responsible for, damages suffered by Plaintiff as alleged herein. Plaintiff reserves the right to amend this pleading to insert the names of these persons when the name and capacity of any such Doe becomes known to Plaintiff.

11. Plaintiff is a "person" as that term is defined in 42 U.S.C. § 6903(15) and CERCLA, 42 U.S.C. § 6901(21).

12. Each of the Defendants is a "person" as that term is defined in 42 U.S.C. § 6903(15) and CERCLA, 42 U.S.C. § 6901(21).

24901553

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

### FACTUAL AND PROCEDURAL BACKGROUND

13.     On February 6, 2020, Pacific Resources Associates LLC ("Pacific Resources"), owner of certain real property at 1680 East Valley Parkway, Escondido, California, within the Valley Plaza shopping center, filed a complaint with this Court, case number 20-CV-0234-RBM-DEB, against several parties, including but not limited to Guhn Y. Kim, Yun Soon Kim, and the Kim Family Trust of 2017 (the "Kims") asserting various causes of action, including CERCLA claims, related to releases of perchloroethylene ("PCE") on its property that it has investigated and conducted pilot efforts to remediate.

14.     Pacific Resources alleged that its named defendants, including the Kims, operated a dry cleaning facility at 1654 East Valley Parkway, Escondido, California, ("Suzy Cleaners") within the Valley Plaza shopping center, that used PCE, a chlorinated solvent commonly used in the dry cleaning industry.

15.     Pacific Resources alleged that PCE discharged from Suzy Cleaners to the ground, causing and contributing to PCE contamination to Pacific Resources' property.

16.     On April 22, 2021, the Kims filed a Third-Party Claim against Michael Barawid and Flor De Lys L. Barawid, Kim K. Nguyen, Ha T. Huynh, and Barbara Hortman, each as individuals, for various causes of action, including CERCLA claims, alleging that releases of PCE from the Property, which is over one hundred feet to the east of the Pacific Resources property, actually caused the contamination to the Pacific Resources' property.

17.     The Kims alleged, among other things, that Michael Barawid and Flor De Lys L. Barawid, Kim K. Nguyen, Ha T. Huynh, and Barbara Hortman all, at some point, owned and operated the Property where the former Ha's Cleaners and Economy Cleaners ("Former Ha's Dry Cleaners"), a dry cleaning facility, operated. The Kims further alleged that the Former Ha's Dry Cleaners dumped toxic chemicals and hazardous substances in the soil beneath the building structure on the

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

Property where the dry cleaning facility operated, which later supposedly migrated all the way to the Pacific Resources' property.

18.     The Kims have undertaken investigation at the Property, overseen by the San Diego Regional Water Quality Control Board ("Regional Board"), which has identified PCE, and PCE-related substances, in the soil and soil vapor underneath the Property and to the immediate north, east and southeast of the Property.  The highest PCE concentrations beneath the Property have been discovered at and immediately around where the Former Ha's Dry Cleaners dry cleaning equipment was located during Barbara Hortman's ownership and operation of the Property.

19.     The Regional Board has engaged with Plaintiff regarding potential further investigation and remediation work at the Property.

**PCE DISCHARGES DURING BARBARA HORTMAN'S OWNERSHIP**

20.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman and her husband, Norman Alton Hortman, owned and operated the Property from on or about September 1987 to August 1999.

21.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman leased space on the Property to the Former Ha's Dry Cleaners, a dry cleaning operation.

22.     Plaintiff is informed and believes and, on that basis, alleges that the Former Ha's Dry Cleaners regularly used and maintained PCE at the Property as part of its operations.

23.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman never took any action to remediate or clean up the Property from any environmental contamination, including but not limited to PCE.

24.     Plaintiff is informed and believes and, on that basis, alleges that on January 2, 1992, San Diego County (the "County") issued a notice of violation to the Former Ha's Dry Cleaners at the Property for the release of PCE from an

24901553

COMPLAINT

unpermitted underground storage tank, which impacted the soil on and beneath the Property.

25.     Plaintiff is further informed and believes and, on that basis alleges, that the County's notice of violation indicated that the Property would be referred to the County's Site Assessment and Mitigation Program to determine the extent of discharge and soil contamination at the Property.

26.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman was either aware or should have been aware of the unauthorized underground storage tank at the Property and its use by her tenant, the Former Ha's Dry Cleaners, to store PCE.

27.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman was either aware or should have been aware of the County's notice of violation concerning the PCE as owner and operator of the Property.

28.     Plaintiff is informed and believes and, on that basis, alleges that rather than undergoing a full site assessment and mitigation investigation of the impacts from the release of PCE, Former Ha's Dry Cleaners and/or Barbara Hortman seemed to have obtained closure status from the County by means of a HAZMAT tank closure permit for its unauthorized underground storage tank, which was uncommon.

29.     Plaintiff is informed and believes and, on that basis, alleges that there Barbara Hortman failed to investigate or remediate the extent of the PCE detected in the soil at and under the Property's foundation slab.  Plaintiff is further informed and believes and, on that basis, alleges that Barbara Hortman failed to investigate or remediate the potential transport pathway for PCE through the piping or releases from the dry cleaning machine above the illegal tank at the Property.

30.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman failed to investigate and or remediate any PCE impact from the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

COMPLAINT

1  Former Ha's Dry Cleaners' use of the unauthorized underground storage tank and

2  PCE release incident to groundwater by beneath the Property.

3      31.    Plaintiff is informed and believes and, on that basis, alleges that

4  Barbara Hortman was either aware or should have been aware that potential

5  environmental contamination of the Property could exist and persist as the owner

6  and operator of the Property.

7      32.    Barbara Hortman's failure to properly investigate or remediate the

8  release of PCE at the Property during her ownership and operation led to the current

9  conditions at the Property.

10  **BARBARA HORTMAN FAILED TO DISCLOSE CONTAMINATION**

11      33.    On or around August 11, 1999, Barbara Hortman and her husband

12  Norman Alton Hortman, deeded the Property to Jaime M. Barawid and Flor De Lys

13  L. Barawid.  The transaction included a grant deed for the Property to Jaime M.

14  Barawid and Flor De Lys L. Barawid from Barbara Hortman and her husband

15  Norman Alton Hortman as Trustees of the Norman Alton Hortman and Barbara

16  Hortman Revocable Trust No. 1, Dated July 2, 1985.

17      34.    Barbara Hortman was also a career real estate agent and broker, and

18  acted in part as broker for the transaction with Jaime M. Barawid and Flor De Lys

19  L. Barawid, communicating directly with the buyers about the Property.

20      35.    Barbara Hortman excluded from the relevant purchase and sales

21  agreement, and all communications with Jaime M. Barawid or Flor De Lys L.

22  Barawid any and all information about the unauthorized underground tank, its use

23  for PCE storage by the Former Ha's Dry Cleaners, the Former Ha's Dry Cleaners'

24  PCE release incident, the County's notice of violation, or anything else related to

25  the PCE contamination at the Property during Barbara Hortman's ownership and

26  operation of the Property.

27      36.    Plaintiff is informed and believes and, on that basis, alleges that

28  Barbara Hortman never disclosed to Jaime M. Barawid or Flor De Lys L. Barawid

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

1   the unauthorized underground tank, its use for PCE storage by the Former Ha's Dry

2   Cleaners, the Former Ha's Dry Cleaners' PCE release incident, the County's notice

3   of violation, or anything else related to the PCE contamination at the Property.

4       37.    Plaintiff is informed and believes and, on that basis, alleges that

5   Barbara Hortman never disclosed of any of the insufficient responses to PCE

6   contamination at the Property to Jaime M. Barawid or Flor De Lys L. Barawid.

7       38.    Plaintiff is informed and believes and, on that basis, alleges that

8   Barbara Hortman never disclosed any potential remaining environmental

9   contamination on the Property to Jaime M. Barawid or Flor De Lys L. Barawid.

10      39.    Plaintiff is informed and believes and, on that basis, alleges that when

11  Jaime M. Barawid and Flor De Lys L. Barawid obtained the rights to the Property,

12  the Former Ha's Dry Cleaners was no longer a tenant at the Property and all dry

13  cleaning related equipment had already been removed from the Property.

14      40.    Plaintiff is informed and believes and, on that basis, alleges that when

15  Jaime M. Barawid and Flor De Lys L. Barawid obtained rights to the Property,

16  there was no visible evidence of an unauthorized underground tank that had been

17  used for PCE storage or the prior PCE releases and discharges.  Plaintiff is further

18  informed and believes and, on that basis, alleges that, Jaime M. Barawid and Flor

19  De Lys L. Barawid had no way of knowing and did not suspect that the Property

20  was contaminated without Barbara Hortman's necessary disclosures.

21      41.    At no time during Jaime M. Barawid or Flor De Lys L. Barawid's

22  ownership of the Property did they allow dry cleaning operations at the Property,

23  use, store, or discharge PCE at the Property, or disturb the Property in any way that

24  would have disturbed any contamination at the Property.

25                  **PLAINTIFF IS AN INNOCENT LANDOWNER**

26      42.    Plaintiff is the current owner of the Property.

27      43.    When Plaintiff obtained rights to the Property, there was no visible

28  evidence of an unauthorized underground tank that had been used for PCE storage

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

or the prior PCE releases and discharges that occurred during Barbara Hortman's ownership and operation.  Plaintiff had no way of knowing and did not suspect that the Property was contaminated.

44.     Plaintiff never entered into any agreements or contracts with Barbara Hortman.

45.     Plaintiff owns and leases the Property for use as an adult daycare facility.

46.     Plaintiff does not and has never used, stored, or discharged PCE at the Property, or utilized equipment or stored materials that resulted in PCE being released into the soils at the Property.

47.     Plaintiff does not and has never leased any portion of the Property to any person or entity that uses or stores PCE.

48.     Plaintiff did not learn of any potential contamination on the Property until the Kims filed their Third-Party Claim against Michael Barawid and Flor De Lys L. Barawid.

**BARBARA HORTMAN'S ESTATE IS LIABLE FOR CONTAMINATION**

49.     By failing to adequately investigate and remediate the release of PCE and other hazardous substances on the Property, Barbara Hortman has harmed the Property and potentially the immediately offsite properties.  This has reduced the property value of the Property and subjected Plaintiff to potential liability under state and federal environmental laws as an owner and operator of the Property.

50.     As a proximate result of Barbara Hortman's ownership and operation of the Property, and her failure to investigate and remediate PCE contamination that was discharged during her ownership and operation of the Property, Plaintiff has incurred and will incur several damages, including investigation costs; response, removal and remedial action costs as defined in CERCLA; attorneys' fees, expenses and costs arising out of, or related to investigation, response, removal, and remediation costs; and costs to respond to and defend future actions and

24901553

administrative proceedings arising directly or indirectly from the contamination of the Property on the grounds that Plaintiff is viewed as the current owner and operator of the Property.

51.     As a result, Plaintiff has been and will be damaged in an amount presently unknown, which amount will be proven at trial.

52.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman died on April 20, 2021.

53.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman's husband, Norman Alton Hortman, predeceased her in or around 2020.

54.     Plaintiff is informed and believes and, on that basis, alleges that upon Barbara Hortman's death in 2021, her daughter, Kim Hortman Buhler, was named as the administrator and executor of the Hortman Estate.

55.     Plaintiff is informed and believes and on, that basis, alleges that Kim Hortman Buhler, Norman Alton Hortman III, and the Norman and Barbara Hortman Revocable Trust No. 1., dated July 2, 1985, are all beneficiaries of the Hortman Estate and have benefitted from Barbara Hortman's failure to properly investigate and remediate environmental contamination at the Property.

56.     On April 14, 2022, Plaintiff filed a creditor claim against the Hortman Estate to open probate in San Diego County Superior Court, Probate Division, case number 37-2022-00013028-PR-LS-CTL.

57.     On August 31, 2022, Kim Hortman Buhler, as the court appointed special administrator and personal representative of the Hortman Estate, rejected Plaintiff's creditor claim, thereby allowing Plaintiff to file this Complaint now.

/ / /

/ / /

/ / /

/ / /

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

# FIRST CLAIM FOR RELIEF
## (STRICT LIABILITY UNDER CERCLA § 107 – RECOVERY OF RESPONSE COSTS)

58.     Plaintiff realleges and incorporates by reference paragraphs 1 through 57 above as though fully set forth herein.

59.     Defendants are "persons" as defined by CERCLA § 101(21), 42 U.S.C. § 9601(21).

60.     The Property is, and at all times relevant was, a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), with hazardous substances deposited, stored, disposed of, released, placed, and/or otherwise located thereon.

61.     The chemicals deposited, stored, disposed of, released, placed, transported to, or otherwise located at and emanating from the Property are "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

62.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman was the owner and operator of the Property from 1987 to 1999 when her tenant, Former Ha's Dry Cleaners, released hazardous substances on the Property, within the meaning of CERCLA § 107(a)(1)-(2), 42 U.S.C. § 9607(a)(1)-(2).

63.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman had knowledge of the release of hazardous substances on the Property and exercised oversight of the management and control of hazardous waste activities conducted at the Property between 1987 and 1999.  Barbara Hortman and Defendants never disclosed the release of hazardous substances on the Property at the time Barbara Hortman served as broker, communicated with, and sold the Property to the Jaime M. Barawid and Flor De Lys L. Barawid.

64.     Plaintiff, as current owner of the Property to which hazardous substances were released, may be potentially liable for response costs in connection

24901553

- 11 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

with the Property and/or release of hazardous substances from the Property, and for reimbursement to the United States or the State of California if either undertakes related response costs, pursuant to CERCLA 42 U.S.C. §§ 9601-9675.

65.     Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, costs associated with the investigation, monitoring and remediation of the soil, soil vapor, indoor air, and groundwater on, beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.  Any response actions have been and will continue to be taken for the purpose of obtaining adequate information to determine feasible remedial alternatives.

66.     The costs that have been incurred or that will be incurred, including attorneys' fees, are necessary costs of response that are consistent with the National Contingency Plan.  The amount of such costs shall be determined at trial.

67.     Defendants are strictly liable under CERCLA § 107(a), 42 U.S.C. § 9607(a), as the past owners, operators and/or successors and beneficiaries of the past owners and operators of the Property at the time of hazardous substance releases and exacerbation, for all necessary costs of response to investigate and remediate contamination at and from the Property.

68.     Wherefore Plaintiff prays for judgment as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (CONTRIBUTION UNDER CERCLA § 113)

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through 68 above as though fully set forth herein.

70.     Pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Plaintiff is entitled to contribution from any other person who is liable or potentially liable under CERCLA for present and future costs of responding to the releases or threatened releases of hazardous substances at the Property.

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

71.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman was the owner and operator of the Property from 1987 to 1999 when her tenant, Former Ha's Dry Cleaners, released hazardous substances on the Property, within the meaning of CERCLA § 107(a)(1)-(2), 42 U.S.C. § 9607(a)(1)-(2), and allowed the exacerbation of hazardous substance release(s) at the Property during her ownership and operation.

72.     Defendants, as past owners and operators of the Property and/or successors and beneficiaries, are liable or potentially liable under CERCLA § 107(a), 42 U.S.C. § 9607(a), for necessary costs of response incurred by Plaintiff for the investigation and remediation of any and all disposals and/or releases of hazardous substances at or from the Property.

73.     Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman had knowledge of the release of hazardous substances on the Property.  Barbara Hortman never disclosed the release of hazardous substances on the Property at the time she served as broker, communicated with, and sold the Property to the Jaime M. Barawid and Flor De Lys L. Barawid.

74.     Plaintiff is entitled to complete contribution or offset from the Defendants under CERCLA § 113(f), 42 U.S.C. § 9613(f), and for all necessary costs of response, together with interest, and Court costs.

75.     If Plaintiff is held liable to any third party or individual for releases or potential releases of hazardous substances from the Property under CERCLA § 107, 42 U.S.C. § 9607, then Plaintiff is entitled to complete contribution or offset from the Defendants for any amounts for which Plaintiff is held liable and is required to pay.

76.     Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, costs associated with the investigation and remediation of the soil, soil vapor and groundwater on,

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.

77.    Wherefore Plaintiff prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (EQUITABLE INDEMNITY)

78.    Plaintiff realleges and incorporates by reference paragraphs 1 through 77 above as though fully set forth herein.

79.    Plaintiff is informed and believes and, on that basis, alleges that the Defendants, as past owners, operators and/or successors and beneficiaries, caused and/or contributed to the releases, discharges or dispersals of hazardous substance contamination on the Property.

80.    Plaintiff is informed and believes and, on that basis, alleges that it may face liability to state and/or governmental authorities as a result of the Defendants' acts, omissions and hazardous substance contamination.

81.    Plaintiff has incurred and will continue to incur costs in investigating, remediating, abating and mitigating hazardous conditions caused by PCE releases and discharges at and from the Property, which are the result of the Defendants' unauthorized and unlawful releases of PCE and failure to investigate or remediate.

82.    Plaintiff is informed and believes and, on that basis, alleges that Barbara Hortman was aware of the release of PCE from the Property and failed to inform Jaime M. Barawid and Flor De Lys L. Barawid of the releases and discharges of the PCE in the soils, soil vapor and groundwater at the Property when she served as broker and sold the Property.

83.    Plaintiff is informed and believes and, on that basis, alleges that the Defendants have failed and continue to fail to prevent the migration of PCE at the Property, and have failed to indemnify Plaintiff, as current owner, for its costs incurred or to be incurred related to the PCE at the Property.

24901553

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

84.     Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, costs associated with the investigation, monitoring and remediation of the soil, soil vapor, indoor air and groundwater on, beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.

85.     The costs that have been incurred or that will be incurred include attorneys' fees and consulting fees necessary to remediate the impacts of the PCE releases, discharges and dispersals.

86.     Wherefore Plaintiff prays for judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (FEDERAL DECLARATORY RELIEF UNDER CERCLA)

87.     Plaintiff realleges and incorporates by reference paragraphs 1 through 86 above as though fully set forth herein.

88.     CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that in any action for recovery of response costs, the Court shall enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent actions concerning response costs or damages.

89.     Plaintiff is informed and believes and, on that basis, alleges that the Barbara Hortman owned and operated the Property from 1987 to 1999 within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), during which there have been "releases," within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), of "hazardous substances," within meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

90.     Plaintiff is informed and believes and, on that basis, alleges that the Defendants, as past owners, operators and/or successors and beneficiaries, are strictly liable, in whole, for any future response costs incurred by or awarded

24901553

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

against Plaintiff in connection to the releases and/or potential releases of hazardous substances at and from the Property.

91.     Plaintiff is informed and believes and, on that basis, alleges that the Defendants deny any liability for such response costs.

92.     Thus, there has arisen and now exists an actual controversy between Plaintiff and the Defendants relating to the liability and responsibility for future response costs, if any, necessary to abate or otherwise respond to the releases and/or threatened releases of hazardous substances in connection with the Property and the Defendants' acts and/or omissions as past owners, operators and/or successors and beneficiaries of the Property.

93.     Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, Plaintiff is entitled to a declaration from this Court.  Such a declaration would avoid the potential for a multiplicity of actions and effectuate a just and speedy resolution of the issues and liabilities.

## FIFTH CLAIM FOR RELIEF
## (NEGLIGENCE)

94.     Plaintiff realleges and incorporates by reference paragraphs 1 through 93 above as though fully set forth herein.

95.     The Defendants, as past owners, operators and/or successors and beneficiaries, had a duty to exercise due care in how hazardous substances, including PCE, were used, handled, stored and disposed of at the Property, including how releases and potential releases were investigated and remediated.

96.     Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, Defendants, as past owners, operators and/or successors and beneficiaries, negligently controlled the use, handling,

24901553

COMPLAINT

storage, disposal and/or release and exacerbation of hazardous substances, including PCE, that contaminated the soil, soil vapor and groundwater on, beneath and about the Property.

97.     Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the Defendants, as past owners, operators and/or successors and beneficiaries, knew, or should have known, that their activities would spill, leak, discharge and/or release hazardous substances, including PCE, into the soil and contaminate groundwater at the Property.

98.     Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the aforementioned conduct was in violation of federal, state and local laws and regulations relating to the use, storage, handling, monitoring, disposal, reporting and remediation of hazardous substances, including PCE.

99.     Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants', as past owners, operators and/or successors and beneficiaries, acts and omissions as alleged herein, Plaintiff has incurred within the past three years, is incurring, and will continue to incur, costs associated with the investigation and remediation of the soil and groundwater on, beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.

100.   Wherefore Plaintiff prays for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

## SIXTH CLAIM FOR RELIEF
## (CONTRIBUTION AND/OR INDEMNITY UNDER THE HAZARDOUS
## SUBSTANCE ACCOUNT ACT ("HSAA"))

101.   Plaintiff realleges and incorporates by reference paragraphs 1 through 100 above as though fully set forth herein.

102.   Plaintiff is informed and believes and, on that basis, alleges that the Defendants are persons as defined by California Health and Safety Code § 25319, are liable persons or responsible parties as defined by California Health and Safety Code § 25323.5 and are thereby liable in contribution and/or indemnity for response costs pursuant to California Health and Safety Code § 25363(e).

103.   Plaintiff is informed and believes and, on that basis, alleges that the Property constitutes a "site" as defined by California Health and Safety Code § 25323.9.

104.   Plaintiff is informed and believes and, on that basis, alleges that PCE and other hazardous substances released by the Defendants, as past owners, operators and/or successors and beneficiaries, at and from the Property constitute substances specifically listed or having characteristics designating them as "hazardous substances" within the meaning of California Health and Safety Code § 25316.

105.   Plaintiff is informed and believes and, on that basis, alleges that the Defendants, as past owners, operators and/or successors and beneficiaries, have made releases or threatened releases, within the meaning of California Health and Safety Code § 25320, of hazardous substances, including PCE, into the soil and groundwater on, beneath and about the Property.

106.   Plaintiff alleges that it has incurred, and will continue to incur, costs to perform "removal" and/or "remedial" actions to respond to the hazardous substances released by the Defendants, as past owners, operators and/or successors and beneficiaries, into the soil, soil vapor and groundwater on, beneath and about

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

the Property within the meaning of California Health and Safety Code §§ 25322 & 25323.

107.   Plaintiff is informed and believes and, on that basis, alleges that Plaintiff did not cause or contribute to the environmental contamination at and about the Property and denies that it is liable for costs incurred as the result of the releases or threatened releases of hazardous substances into the soil and groundwater on, beneath and about the Property.

108.   Plaintiff is informed and believes and, on that basis, alleges that Plaintiff has incurred, and will incur, costs necessary to respond to the releases or threatened releases of hazardous substances at the Property, including attorneys' fees and expert witness' fees, consistent with the National Contingency Plan, in an amount to be proven at trial.

109.   Plaintiff seeks contribution and/or indemnity for all response costs that Plaintiff has incurred and may in the future incur under California Health and Safety Code § 25363, which provides that any person who has incurred removal or remedial action costs may seek contribution or indemnity from any responsible party.

110.   The Director of the California Department of Toxic Substance Control has or will be given notice of this Complaint pursuant to California Health and Safety Code § 25363(d).

**SEVENTH CLAIM FOR RELIEF**

**(DECLARATORY RELIEF - HSAA)**

111.   Plaintiff realleges and incorporates by reference paragraphs 1 through 110 above as though fully set forth herein.

112.   Pursuant to California Health and Safety Code § 25363, Plaintiff is entitled to a declaratory judgment establishing the liability of the Defendants, as past owners, operators and/or successors and beneficiaries, for response costs for

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

1   the purposes of this and any subsequent action or actions to recover further

2   response costs.

3      113.   Plaintiff is informed and believes and, on that basis, alleges that an

4   actual controversy now exists between Plaintiff and the Defendants in that Plaintiff

5   contends that the Defendants, as past owners, operators and/or successors and

6   beneficiaries, are liable to Plaintiff for contribution and/or indemnity under

7   California Health and Safety Code § 25363 for any response or other costs or

8   damages which Plaintiff has incurred or may incur or be found liable for in

9   connection with the environmental contamination into the soil, soil vapor and

10  groundwater on, beneath and about the Property.

11     114.   A declaration of the rights and obligations of the parties concerning the

12  above disputes, binding in any subsequent action or actions to recover all further

13  response costs incurred by Plaintiff, is appropriate and in the interest of justice in

14  that an early determination of this controversy will avoid a multiplicity of litigation.

15                    **EIGHTH CLAIM FOR RELIEF**

16                  **(CONTINUING PUBLIC NUISANCE)**

17     115.   Plaintiff realleges and incorporates by reference paragraphs 1 through

18  114 above as though fully set forth herein.

19     116.   Plaintiff is the present owner of the Property.

20     117.   The Defendants are former owners and operators of the Property,

21  and/or successors and beneficiaries, which caused or allowed to cause the potential

22  releases of PCE on the Property.  The release of PCE at the Property during

23  Defendants' ownership and operation, if confirmed to be true, may have migrated

24  immediately offsite of Plaintiff's property, and to nearby soil, soil vapor and

25  groundwater sources.

26     118.   Plaintiff is informed and believes and, on that basis, alleges that if

27  contamination exists, the nuisance created and maintained by the Defendants is a

28  public nuisance in that, among other things, it threatens to pollute or contaminate

24901553

COMPLAINT

1   the waters of the State of California and will continue to migrate immediately

2   offsite the Property until the pollution is abated.

3       119.   Plaintiff is informed and believes and, on that basis, alleges that if

4   contamination exists, the contamination currently existing in the soil, soil vapor and

5   groundwater on, beneath and about the Property constitutes a public nuisance as

6   defined in California Civil Code § 3480 in that it affects a considerable number of

7   persons but is especially injurious to Plaintiff in that said public nuisance interferes

8   with Plaintiff's use and enjoyment of the Property.

9       120.   Plaintiff is informed and believes and, on that basis, alleges that if

10   contamination exists at and about the Property, the Defendants, as past owners,

11   operators and/or successors and beneficiaries have failed, and unless ordered by this

12   Court, will continue to fail to abate the nuisance.

13       121.   Plaintiff is informed and believes and, on that basis, alleges that as a

14   direct and proximate result of the Defendants acts and omissions as alleged herein,

15   Plaintiff has incurred within the past three years, is incurring, and will continue to

16   incur, costs associated with the investigation, monitoring and remediation of the

17   soil, soil vapor, indoor air and groundwater on, beneath and about the Property and

18   other damages as alleged in this Complaint, as well as any other damages as alleged

19   against Plaintiff by offsite third parties, in an amount to be proven at trial.

20       122.   As a direct and proximate result of the public nuisance created by the

21   Defendants, Plaintiff has incurred special damages and injuries, which are

22   continuing, and which total amount will be ascertained according to proof at trial.

23       123.   Under California Civil Code § 3496, the Court may award Plaintiff

24   costs, including the costs of investigation and discovery and reasonable attorneys'

25   fees to abate the public nuisance created by the Defendants.

26       124.   Wherefore Plaintiff prays for judgment as hereinafter set forth.

27   / / /

28   / / /

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

COMPLAINT

1
2

**NINTH CLAIM FOR RELIEF**
**(CONTINUING PRIVATE NUISANCE)**

3    125.   Plaintiff realleges and incorporates by reference paragraphs 1 through
4    124 above as though fully set forth herein.

5    126.   Plaintiff is the present owner of the Property.

6    127.   The Defendants are former owners, operators and/or successors and
7    beneficiaries of the Property which caused or allowed to cause the releases and/or
8    potential releases of PCE at the Property.  The releases of PCE during the
9    Defendants ownership and operation of the Property, if confirmed to be true, may
10   have migrated immediately offsite to nearby soil, soil vapor and groundwater
11   sources.

12   128.   Plaintiff is informed and believes and, on that basis, alleges that the
13   Defendants' acts and omissions are a direct and proximate cause of the releases
14   and/or potential releases of hazardous substances, including PCE, into the
15   environment and on, beneath and about the Property.

16   129.   Plaintiff is informed and believes and, on that basis, alleges that the
17   Defendants are interfering with and precluding Plaintiff's free use and enjoyment of
18   the Property, and are threatening to impair and injure the health of individuals who
19   would conduct business, visit, or otherwise utilize the Property.

20   130.   Plaintiff is informed and believes and, on that basis, alleges that to the
21   degree hazardous substances, including PCE, are present in the soil and
22   groundwater and to the degree that hazardous substances stem from, on, beneath
23   and about the Property, in whole or in part, the Defendants, as former owners,
24   operators and/or successors and beneficiaries, intentional or accidental and sudden
25   releases of hazardous substances, including PCE, to the soil, soil vapor and
26   groundwater on, beneath and about the Property have caused and are causing injury
27   to the Property and Plaintiff, which was not consented to.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

131.  Plaintiff is informed and believes and, on that basis, alleges that to the degree contamination exists, the contamination currently existing in the soil, soil vapor and groundwater under the Property constitutes a continuing private nuisance that can be abated and cleaned up by the Defendants.  Plaintiff is further informed and believes and, on that basis, alleges that to the degree contamination in the soil, soil vapor and groundwater exists and is migrating about the Property or immediately offsite, the contamination in the soil, soil vapor and groundwater on, beneath and about the Property will continue to migrate about the Property or immediately offsite until the pollution is abated.

132.  Plaintiff is informed and believes and, on that basis, alleges that if contamination exists, the contamination currently existing in the soil, soil vapor and groundwater under the Property constitutes a nuisance as defined in California Civil Code § 3479 in that it is potentially injurious to health, is indecent or offensive to the senses and obstructs the free use and enjoyment of the Property.

133.  Plaintiff is informed and believes and, on that basis, alleges that if contamination exists, the Defendants have failed, and unless ordered by this Court, will continue to fail to abate the nuisance.

134.  Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has incurred within the past three years, is incurring, and will continue to incur, costs associated with the investigation, monitoring and remediation of the soil, soil vapor, indoor air and groundwater on, beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.

135.  Wherefore Plaintiff prays for judgment as hereinafter set forth.

## TENTH CLAIM FOR RELIEF
### (CONTINUING TRESPASS)

136.  Plaintiff realleges and incorporates by reference paragraphs 1 through 135 above as though fully set forth herein.

24901553

137.   Plaintiff is the present owner of the Property.

138.   The Defendants are former owners, operators and/or successors and beneficiaries of the Property who caused or allowed to cause the releases and/or potential releases of PCE on the Property.  The releases of PCE during Defendants ownership and operation of the Property, if confirmed to be true, may have migrated immediately offsite from the Property to nearby soil, soil vapor and groundwater sources.

139.   Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the Defendants either intentionally or accidentally, without Plaintiff's consent, caused hazardous substances, including PCE, to contaminate and trespass upon the Property by allowing and exacerbating spills, leaks, discharges and releases of hazardous substances, including PCE, on, beneath and about the Property and failing to clean up, contain and abate said spills, leaks, discharges and releases.

140.   Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the Defendants intentionally or accidentally caused, created, and assisted in the creation of the trespass alleged herein.

141.   Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, that may have been abatable, the contamination has migrated, spread continuously, or otherwise changed its impact,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

COMPLAINT

around and immediately offsite of the Property, and that this trespass continues to create ongoing damage and injury to the Property and to Plaintiff.

142.   Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the Defendants knew, or should have known, that hazardous substances, including PCE, would contaminate the Property, impairing Plaintiff's reasonable and foreseeable use of the Property.

143.   Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has incurred within the past three years, is incurring, and will continue to incur, costs associated with the investigation, monitoring and remediation of the soil, soil vapor, indoor air and groundwater on, beneath and about the Property and other damages as alleged in this Complaint, in an amount to be proven at trial.

144.   Wherefore Plaintiff prays for judgment as hereinafter set forth.

**ELEVENTH CLAIM FOR RELIEF**

**(CONTRIBUTION UNDER CALIFORNIA CIVIL CODE § 1432)**

145.   Plaintiff realleges and incorporates by reference paragraphs 1 through 144 above as though fully set forth herein.

146.   California Civil Code § 1432 provides that a party who satisfies more than its share of a claim "may require a proportionate contribution from all parties joined with him."

147.   If Plaintiff is held liable to any third party, under any claim alleged against Plaintiff related to contamination at the Property, then Plaintiff is entitled to contribution from the Defendants for any amount for which Plaintiff is held liable and is required to pay to the extent that any judgment is more than Plaintiff's share, which Plaintiff alleges is any amount.

24901553

COMPLAINT

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

## TWELFTH CLAIM FOR RELIEF
### (WASTE)

148.   Plaintiff realleges and incorporates by reference paragraphs 1 through 147 above as though fully set forth herein.

149.   Plaintiff is informed and believes and, on that basis, alleges that to the degree hazardous substances, including PCE, are present in the soil, soil vapor and groundwater and to the degree that hazardous substances stem from, on, beneath and about the Property, in whole or in part, the acts and omissions of the Defendants, as past owners, operators and/or successors and beneficiaries, by either intentionally or accidentally allowing and exacerbating spills, leaks, discharges and releases of hazardous substances, including PCE, at the Property and failing to clean up, contain and abate said spills, leaks, discharges and releases, have resulted in diminution in the value of the Property and constitute waste.

150.   Plaintiff is informed and believes and, on that basis, alleges that if contamination exists at the Property, the Defendants' acts and omissions and the maintenance of the waste have been and are without the consent, against the will, and in violation of the rights of Plaintiff.

151.   Plaintiff is informed and believes and, on that basis, alleges that as a direct and proximate result of the Defendants' acts and omissions as alleged herein, Plaintiff has sustained damages in an amount to be proved at trial.  Plaintiff is further informed and believes and, on that basis, alleges that pursuant to California Code of Civil Procedure § 732, Plaintiff is entitled to treble damages from the Defendants.

152.   Wherefore Plaintiff prays for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

/ / /

24901553

COMPLAINT

1

**PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff requests judgment against the Defendants, as

3    follows:

4          1.     For cost recovery pursuant to CERCLA § 107, 42 U.S.C. § 9607, for

5    any amounts for which Plaintiff is held liable for past, present or future recovery

6    costs;

7          2.     For complete contribution or offset pursuant to CERCLA § 113, 42

8    U.S.C. § 9613, for any amounts for which Plaintiff is held liable and is required to

9    pay for investigation and remediation at the Property and/or to any third party;

10          3.     For equitable indemnity for all costs incurred by Plaintiff arising from

11    the release of hazardous substances at and/or from the Property;

12          4.     For indemnity or contribution under the California HSAA, for those

13    costs incurred, and yet to be incurred, as a result of the alleged releases at and/or

14    from the Property, according to proof;

15          5.     For a judicial declaration under federal law and/or state law, to the

16    extent Plaintiff is held liable for investigation, monitoring and remediation of

17    contamination at and/or from the Property, and that the Defendants are liable for all

18    costs and damages for which Plaintiff is held liable;

19          6.     For damages, including the costs associated with the investigation,

20    monitoring and remediation of the soil, soil vapor, indoor air and groundwater on,

21    beneath and about the Property, and other damages as alleged in this Complaint,

22    including compensatory, general, consequential and incidental damages, according

23    to proof;

24          7.     For a mandatory, preliminary and permanent injunction ordering

25    Defendants to undertake, at their expense, all of the investigation, monitoring and

26    response actions necessary to respond to, abate and remediate fully and promptly

27    the hazardous substance contamination at and emanating from the Property in a

28    manner consistent with the National Contingency Plan;

24901553

COMPLAINT

8.      For an injunction ordering the Defendants, to abate the nuisance, as requested in this Complaint;

9.      For compensatory, incidental, and consequential damages against Defendants, according to proof, including an award of treble damages as requested in the Twelfth Cause of Action of this Complaint;

10.     For prejudgment interest, to the full extent permitted by law;

11.     For attorneys' fees to the full extent permitted by law;

12.     For costs of suit; and

13.     For such other and further relief as the court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury of any and all issues so triable.

Dated:  November 30, 2022

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By:   /s/ Ryan Waterman

RYAN R. WATERMAN
JONATHAN D. MARVISI
KATHRYN A. TIPPLE

Attorneys for Plaintiff,
M&E BROTHERS, LLC

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
Attorneys at Law
225 Broadway, Suite 1670
San Diego, CA 92101-5000

24901553

COMPLAINT